JOHN W. EVANS, appellant, *v.* GEORGE LOHR, appellee.

*Appeal from Morgan.*

Where the Court has given improper instructions to the jury, or withheld such as are legal and appropriate, when asked for, the proper course to adopt to enable the Court to correct the error, and do justice to the parties, is for counsel to apply for a new trial.

The Court will never arrest a judgment, except for some intrinsic cause apparent upon the face of the record; where there is enough apparent upon the face of it, to enable the Court to give judgment upon the whole record, it will never arrest the judgment, nor will an application for that purpose be entertained, if made by the party committing the error.

It is no defence to an action upon a promissory note, that the plaintiff, in consideration of an agreement on the part of a third person, to pay additional interest on the note sued on, promised and agreed with the defendant, to extend the time of payment, to a time subsequent to the commencement of the suit; nor is the fact that the plaintiff, in consideration of the promise of a third person to pay the note, verbally discharged and released the defendant from the payment thereof. Such agreements on the part of the third person, are without consideration and void; and consequently the promise or release of the plaintiff, is without consideration.

It is not the province of a Court to moot points of law, nor can it be required to give opinions upon abstract propositions. A bill of exceptions, therefore, should contain enough of the case to show the materiality or the application of the instructions asked.

*Semble,* That although the issue made by the parties in a cause, may be immaterial, yet the Court is bound, if called on by the defendant, to instruct the jury that if the evidence supports the issue, they must find for the defendant. *Sed quere.*

THIS was an action of *debt* commenced by the appellee against the appellant, on the 19th of October, 1839, by petition and summons, on two notes of $2,300 each, both dated March 11th, 1837, one due in twelve months, the other in two years from date.

At the November term, 1839, of the Morgan Circuit Court, the defendant filed three pleas. The first plea avers that previous to the commencement of the suit, the plaintiff agreed to and with the defendant and Joseph Duncan, upon the condition and for the consideration, that the said Duncan would promise and agree to pay the said several sums of money in the petition mentioned to the plaintiff, that he would cancel the notes sued upon, and surrender them up to this defendant; and that Duncan, at plaintiff's special instance and request, and by consent of the defendant, did promise and agree with the plaintiff, that he would pay to the plaintiff, the several sums of money in the petition mentioned, at a time thereafter agreed upon between him and Duncan, and that the plaintiff in consideration thereof, agreed to and with the defendant, to release him from the payment of the same. And the plaintiff did then and there, release and discharge the defendant, and accepted and received the said promises of the said Duncan, in full discharge of the defendant from the payment of the notes sued on, in the petition mentioned.

The second plea was *nil debet.*

The third plea averred " that after the commencement of the suit, the plaintiff, in consideration that Joseph Duncan had promised the plaintiff to pay him eight hundred dollars in twenty days from the time of making said promise, and during the sitting of the Morgan county Circuit Court, at the November term, 1839 ; and also to pay him the residue of what might be remaining of the whole amount of the notes sued on, after deducting the $ 800, on the 1st day of March, 1840, he, the said plaintiff, agreed with said defendant, that he would dismiss the suit ; and that the plaintiff did then and there release and discharge the defendant from all further payments and liabilities upon said notes ; and the defendant avers that the promise and undertaking of the said Duncan, was for a valuable consideration received by him from the defendant, and was made at plaintiff's special instance and request."

Issue was joined upon the allegations of release in these pleas.

The cause was tried before the Hon. William Thomas and a jury.    The jury returned a verdict in favor of the plaintiff for $ 4231,19 debt, and $ 388,51 damages.

The defendant moved in arrest of judgment, which motion was overruled, and judgment rendered on the verdict.    The defendant tendered his bill of exceptions, which was signed and sealed by the judge.

The defendant appealed to this Court.

The reasons assigned for an arrest of judgment, in the Court below, were as follows :

" First, The first instruction asked by the defendant, and preserved in the bill of exceptions, should have been given as a defence under the plea of *nil debet*, and the Court erred in overruling the instructions.

" Secondly, That under the pleadings in the cause, the defendant was authorized to show a verbal discharge, and that the same was a good defence, and that the Court erred in refusing to say to the jury that such was the law of the case."

The bill of exceptions is as follows : "And now at this day came the said parties, and a jury having been impannelled to try the issue joined, and the evidence being closed, the counsel of defendant requested the Court to instruct the jury, ' That if in consideration of a promise or agreement on the part of Duncan to pay additional interest on the notes sued on, the plaintiff promised and agreed with defendant to extend the time of payment of said notes to a time subsequent to the commencement of this suit, or to the spring of 1840, they must find for the defendant.    Which instructions the Court refused.    The defendant's counsel then requested the Court to instruct the jury, that if they believed that for and in consideration of Duncan's assuming to pay the notes in the petition mentioned, the plaintiff verbally discharged and released the said defendant from the payment thereof, that then they must find for the defend-

ant; which instruction the Court refused to give, and said the same was contrary to the law, but as the counsel for the plaintiff consented that they might consider the same as law in this case, the jury might so consider it. To all which opinions and decisions of the Court, the defendant by his counsel excepts," &c.

M. McConnel and J. A. McDougall for the appellant, relied upon the following points and authorities:

"After the breach of a sealed instrument the right of action may be waived, or released by a new parol contract, or by any valid parol executory contract." Delacroix *v*. Bulkley, 13 Wendell 71.

"A promise to extend the time of payment of a note, made subsequent to its execution, may be set up as a defence, when there is a sufficient consideration." Miller *v*. Holbrook, 1 Wendell 317; Langworthy *v*. Smith, 2 Wendell 587; Blood *v*. Goodrich, 9 Wendell 68.

J. J. Hardin, for the appellee:

The cases cited in the appellant's brief do not apply to this case. Duncan was no party to the suit, or to the contract between plaintiff and defendant; and any agreement between the plaintiff below, and a third person, could not vitiate or set aside the notes.

Besides, a release cannot be made by parol and the notes which were under seal still be retained, especially if the agreement to release is made to a third person. 19 Johns. 129; 13 Johns. 87; 1 Cowen 122.

The reasons assigned by the appellant, in arrest of judgment, are such as, if valid in law, could only be given for a new trial; they could not avail on a motion in arrest of judgment.

Wilson, Chief Justice, delivered the opinion of the Court:

The plaintiff below sued the defendant upon two promissory notes for $ 2,300 each. The defendant pleaded, first, that the plaintiff in consideration of a promise by J. Duncan to pay the notes, discharged and acquitted the defendant of all liability; secondly, a plea of *nil debet*; and thirdly, a plea, *puis darrein continuance*, that in consideration of certain promises made by J. Duncan, after the commencement of the suit, the plaintiff promised and agreed to dismiss it, and did then and there release the defendant from all liability on account of said notes sued on.

It does not appear that any evidence was introduced by the defendant, but before the jury retired, the counsel moved the Court to give the jury the following instructions: First, That if in consideration of a promise by J. Duncan to pay additional interest on the notes, the plaintiff agreed to extend the time of payment to a period subsequent to the commencement of this suit, they should find for the defendant; Secondly, That if in consideration of Duncan's promise to pay the notes, the plaintiff verbally released the defendant, they must find a verdict for him. These instructions,

the Court said, were contrary to law, but as the counsel for the plaintiff consented that the jury might consider them as law, in this case, they might so consider them. To these instructions, thus qualified by the Court, and the refusal to give them as prayed for, the counsel for the defendant excepted, and after verdict for the plaintiff, moved in arrest of judgment, which was overruled by the Court.

When the Court has given improper instructions to the jury, or withheld such as are legal and appropriate, when asked for, the proper course to adopt to enable the Court to correct the error, and do justice to the parties, is for counsel to apply for a new trial. The Court will never arrest a judgment except for some intrinsic cause apparent upon the face of the record; such, for example, as the want of an issue upon which the merits of the case may be tried. When there is enough apparent upon the face of it, to enable the Court to give judgment upon the whole record, it will never arrest the judgment, nor will an application for that purpose be entertained, if made by the party committing the error. Upon these principles, then, the Court very properly overruled the defendant's motion, not only because the only error apparent upon the record was the result of the defendant's own act, in pleading insufficient pleas, but because there was in addition to the first and third pleas, which were immaterial, the plea of *nil debet,* to which the verdict was responsive, and upon which the judgment was properly rendered.

In reference to the instructions alleged to have been applied for, and refused by the Court, it is manifest from the bill of exceptions, that the assignment of errors is not strictly in accordance with the facts of the case. The Court decided that the instructions were not according to law, but, by consent of the plaintiff's counsel, the jury might consider them so in this case.

The Court refused to give the instructions asked for, upon its own judgment, but gave them upon the consent of the plaintiff's counsel.

A party may certainly waive a legal right, and without determining that the plaintiff did so in this case, the defendant having obtained the full benefit of the instructions he required, we are not satisfied that the judgment of the Court below ought to be reversed. Abstractedly considered, the opinion of the Court in reference to the instructions was correct. Both branches of these instructions are alike in principle, and may be considered together. If, therefore, the affirmative of both propositions were admitted, by the plaintiff, they would not constitute a defence to his right of recovery, because they would impose no legal obligation on any of the parties. Duncan was no party to the contract upon which suit was brought, his promise, therefore, without any consideration, to pay to the

plaintiff the principal or interest of his debt, was void, inasmuch as it was to answer for the debt or default of another.

As Duncan's undertaking to the plaintiff was void, and as that was the only consideration upon which the plaintiff's agreement in reference to time, or the discharge of the defendant's liability, is founded, it necessarily follows, that these promises, imputed to the plaintiff, are also void, and cannot be set up in bar of his recovery.

It is undoubtedly the rule, that although the issue made by the parties in a cause, may be immaterial, yet the Court is bound, if called on by the defendant, to instruct the jury that if the evidence supports the issue, if any tending to do so was offered, they must find for the defendant. But it is not the province of a court to moot points of law, nor can it be required to give opinions upon abstract propositions. The bill of exceptions ought, therefore, to contain enough of the case to show the materiality or the application of the instructions asked for. This however has not been done in this case. The bill of exceptions neither contains the testimony, nor states that any was given, nor is there any thing from which it can be fairly inferred that any was offered.

But inasmuch as the Court gave the instructions, although it did so at the instance of the plaintiff, and on his concession, and as the jury, notwithstanding, found for the plaintiff, the presumption is against the defendant's having made out his defence by testimony. It was, at all events, incumbent upon the defendant to show the application of the instructions asked for, to his case. If he adduced any testimony, he ought to have shown that fact; and having failed to do so, we cannot supply the omission by inference, and in so doing pronounce the decision of the Court erroneous. This would be a violation of a well established rule, that the decision of the Court below is presumed to be correct, unless the contrary is made to appear.

The judgment is therefore affirmed with costs.

*Judgment affirmed.*